STOLZ v. CITY OF SYRACUSE.

(Supreme Court, Trial Term, Onondaga County.   June, 1908.)

1. CONTRACTS—BREACH—QUESTIONS OF LAW.
   Ordinarily, where A. agrees to supply B. with water from a stream owned by C., and B. contracts with C. for the water, and thereby prevents A. from performing his contract, the question of breach of contract by A. is, in the absence of a dispute as to the facts, one of law.

2. WATERS AND WATER COURSES—PUBLIC WATER SUPPLY—WATER COMPANIES—FRANCHISE—ESTABLISHMENT OF WORKS BY CITY.
   A city granted a franchise to a water company, but did not contract to give the company the water of a designated lake.  The franchise was not exclusive, and the company had no legislative authority to take water from the lake.  The city thereafter procured the enactment of a statute authorizing it to establish a waterworks system and take water from the lake, and established such a system.  *Held*, that the city was not liable for breach of contract embodied in the ordinance granting the franchise, though it did not abstain from proceeding until the company was afforded an opportunity to obtain a legislative grant, especially in view of the fact that prior to the granting of the franchise the city charter provided generally for supplying the inhabitants with water.

3. CONTRACTS—PERFORMANCE—QUESTION OF LAW.
   Whether the facts substantially undisputed establish performance of a contract is a question of law.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1543–1547.]

4. APPEAL AND ERROR—ERRONEOUS SUBMISSION OF ISSUES TO JURY—HARMLESS ERROR.
   Where a question of law was erroneously submitted to the jury, which decided the question correctly, the error was not prejudicial to the defeated party.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4034, 4212–4218.]

Action by Benjamin Stolz, receiver of the Central City Waterworks Company, against the city of Syracuse.  There was a verdict for defendant.  Heard on motion for new trial on the minutes of the court.  Denied.

Louis Marshall, for plaintiff.
Walter W. McGee, for defendant.

MARCUS, J.  This is a motion for a new trial on the minutes of the court.  This action was brought by plaintiff to recover damages to the amount of $250,000 resulting from a breach of contract embodied in an ordinance granted by the defendant, the city of Syracuse, to the Central City Waterworks Company on March 23, 1885.

The facts are undisputed, and the question litigated related alone to the amount of damages.  It is urged that the court erred in not holding and charging the jury as a matter of law that defendant's actions, as shown by the testimony and admitted by the defendant, constituted a breach of contract.  It is claimed that defendant by appropriating Skaneateles Lake as a water supply, and making it impossible for the Central City Waterworks Company to perform its contract, thereby not only excused performance on the part of the Central City Waterworks Company, but also became chargeable with a breach of con-

tract. It is true that ordinarily where A. agrees to supply B. with water from a certain pond or stream owned by C., and then B. goes to C. and contracts with him for the water, and thereby prevents A. from performing his contract, there being no dispute as to the principal, substantial or essential facts, the question of breach would be one of law. But it seems to me that this is a contract of a different character. The Legislature authorized the inhabitants of Syracuse to vote upon the question of municipal waterworks, and then enacted a law giving permission to the city to take the supply from Skaneateles Lake, and the city proceeded accordingly. Does this constitute a violation of plaintiff's contract? Plaintiff's franchise was not exclusive, and, notwithstanding the contract, the Legislature had power to authorize the city to construct its own waterworks. Plaintiff had no authority from the Legislature to take water from Skaneateles Lake, but without determining the probability of the Legislature granting the right to a private corporation, the fact is that the Legislature granted the right to the city of Syracuse, and not to plaintiff. The city of Syracuse at no time contracted to give to this plaintiff the waters of the lake. Moreover, such a contract would have been ineffectual— imposing no legal obligation. The fact that the authorities of the city of Syracuse procured the enactment of the laws, procured the Legislature to do that which it could have done without procurement, can make no material difference. The Legislature might have acted upon the suggestions of private citizens, and it is exceedingly doubtful whether the fact that the city authorities asked or petitioned for this legislation should at all be taken into consideration. The plaintiff then must take the position that it constituted a breach of contract for the city to avail itself of the authority granted and to take water from Skaneateles Lake. "No contract has been shown between the water company and the state by which the latter is precluded from granting to the, borough of Easton the privilege of erecting works to supply its citizens with water" (Lehigh Water Co. v. Easton, 121 U. S. 391, 7 Sup. Ct. 916, 30 L. Ed. 1059) and the privilege of taking the supply from the lake, and the like principle is applicable to the city of Syracuse.

This is a matter of purely public character, and the city surely cannot be held responsible for proceeding under the statutes and exercising the privileges conferred for the public benefit. The city is given the right, and the plaintiff has no right to take those waters. Must the city abstain until the plaintiff is afforded an opportunity to get a legislative grant? It would be highly improbable that the Legislature would, after granting the right to the city, also grant the like privilege to the plaintiff. It appears to my mind unreasonable to hold that the city of Syracuse is liable for a breach of contract for taking water from Skaneateles Lake, in which the plaintiff had no right whatever at any time. Prior to the making of the contract the city charter provided generally for supplying the inhabitants with water, and the taking of water from the lake violates no legal right of the plaintiff growing out of the contract, and damages cannot be awarded on account thereof. Whether the facts, which were substantially undisputed, establish the performance of the contract, is a question of law. Burr

and Others v. American Spiral Company, 81 N. Y. 180; Stokes v. Foote, 172 N. Y. 327–347, 65 N. E. 176. But, as this question was submitted to the jury with others, as one of fact, and the jury decided the questions correctly, there is no occasion for setting aside the verdict; the charge on this point having been more favorable to the plaintiff than he was entitled to. Ming v. Corbin, 68 Hun, 161, 22 N. Y. Supp. 647, affirmed 142 N. Y. 334, 37 N. E. 105.

Motion for a new trial denied.